Filed 1/6/16  P. v. Turner CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068039 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS276769) |
| KEITH LAMAR TURNER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Stephanie Sontag, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Keith Lamar Turner was convicted by a jury of evading an officer with reckless driving (Veh. Code,[1] § 2800.2, subd. (a)); and unlawful taking and driving of a vehicle

---

[1]    All further statutory references are to the Vehicle Code unless otherwise specified.

(§ 10851). The court found true two prison prior convictions (Pen. Code, § 667.5, subd. (b)).

The court revoked probation in a trailing case (SCD256763). Turner was sentenced to a determinate term of four years eight months in prison for both cases. Turner filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has been unable to identify any reasonably arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Turner the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

On December 26, 2014, Turner took a 2010 Honda CR-V from a car dealer's lot in South Gate, California. The keys had been left in the car.

At about 10:00 a.m., on January 3, 2015, San Diego County Sheriff's Deputy Douglas Morse, observed Turner driving the stolen Honda on Otay Mesa Road. Morse was in uniform and driving a marked patrol car. Morse had learned the Honda had been reported stolen. Morse turned on his emergency lights and began what was a lengthy high speed pursuit.

The chase continued onto the freeway at speeds in excess of 100 miles per hour, with Morse following with lights and siren. Eventually a police helicopter joined the pursuit and tracked the Honda to the Manchester Grand Hyatt Hotel in San Diego, where Turner fled on foot.

2

Turner entered one of the rooms in the hotel where a housekeeper was cleaning. He persuaded her to leave and he remained in the room until police entered and arrested him.

### Defense Evidence

Turner testified that he met a man named Michael at the Barona Casino. Michael befriended him and on December 27, 2014, gave Turner the keys to the Honda. Turner did not provide Michael's last name and testified he did not know the car had been stolen.

On the day of his arrest, Turner drove the Honda to the George Bailey Detention Center to put some money on the books of an inmate. It was at that time Turner observed a Sheriff's vehicle with flashing lights. He had a bad feeling about the deputy.

Turner testified that he fled from the law enforcement officials because of what had happened to Rodney King, Treyvon Martin, Eric Garner and Christopher Reese. He was afraid of police and believed they would harm him. Turner denied driving in a reckless manner. Turner admitted going to the hotel room to evade police. He took a shower and laid on the bed. He acknowledged that "the [car] key ended up under the mattress."

### DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, asking this court to review the record for error. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible, but not reasonably arguable issue for reversal on appeal:

1. Whether the prosecutor's rebuttal evidence was improper propensity evidence.

3

2.  Did the trial court act improperly at sentencing by commenting on the court's dislike of people testifying falsely in court and in commenting that the court was offended by Turner's defense testimony about fearing all law enforcement officers as they would be likely to kill him for no reason.

We have reviewed the entire record on appeal as mandated by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738.  We have not been able to identify any reasonably arguable issue for reversal on appeal.  Competent counsel has represented Turner on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

McDONALD, J.